Corwin, J.
If is satisfactorily shown in the case that, prior to the date of the mortgage to Gardner, he had notice that Kirkman had given the mortgage upon the premises to Severance to secure the purchase money for the same; but it is claimed that if the record of a mortgage be materially defective, or misdescribe the mortgaged premises, it is inoperative as to all subsequent purchasers or incumbrances.
By the act of March 16, 1838, Swan’s Stat. 268, it is declared “that mortgage deeds do and shall take effect and have preference from the time the same are delivered to the recorder of the proper county to be by him entered on record,” etc.; and there can be no doubt that, under this statute, when the mortgage to Severance, being in all other respects regular and valid, was delivered to. the recorder for record, its execution was completed, and it created a valid lien upon the premises.
*It is the object and purpose of a record to furnish notice to the world of the existence of titles and incumbrances, and when the record is made it is constructive notice to everybody of what it contains, although no actual notice be had; and it is true that a record will only be considered as furnishing constructive notice when its examination will furnish actual notice. But although it can not be said that Gardner was bound to take notice of the mortgage to Severance from the record, or that the record was sufficient to put him upon inquiry, yet the lien had been perfected by the entry of the mortgage for record, and Gardner had notice of its existence independently of the record. And when the execution of a mortgage has been in all respects perfected, and a lien has been created under the provisions of the act before recited, a subsequent incumbrancer, having notice, in fact, of its existence, can not claim that such lien has been defeated, because the record did not furnish him the notice which he already had. /
And this conclusion in no manner conflicts with either of the cases m the 13th, 14th, and 16th Ohio Reports, but is in entire consonance with the rules there recognized.

Eecree for complainant.